# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JOSEPH WIDEMON, Inventor,    )
                             )
            Plaintiff,       )
                             )
        v.                   )      1:05CV1022
                             )
NC STATE UNIVERSITY,         )
                             )
            Defendant.       )

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court on review of Plaintiff's particularized complaint. The particularized complaint was filed in response to the court's order of November 23, 2005, and an order granting Plaintiff more time entered on December 14, 2005. For the reasons which follow, this court will recommend that this action be dismissed without prejudice.

Plaintiff's original complaint was summarized in the November 23 order as appearing to sue officials at the University of North Carolina at Chapel Hill, North Carolina State University, and an entity he identified as SCORE. The complaint was not at all clear as to the relief that Plaintiff was seeking and this court required Plaintiff to particularize. Plaintiff has now filed his particularized pleading and it suffers from the same or similar problems as the original pleading. For example, Plaintiff says in the particularized complaint that he is the founder of a business called Independence Home Designs and he wants the Defendants to "assist" him in

doing various things with the Toy Industry Association, with contracts and royalty negotiation, with the City of Reidsville, etc. He concludes his pleading with a statement similar to the one in his original pleading: Whether federal (sic) funded institutions are constitutionally entitle (sic) to assist enterprenuers (sic).

Plaintiff's pleadings make no sense, and this action is subject to being dismissed as nonsensical. Section 1915(e)(2)(B) of Title 28 of the United States Code requires courts to dismiss an *in forma pauperis* "action or appeal" if it is, among other things, "frivolous" or "fails to state a claim on which relief may be granted." Section 1915(e)(2)(B) was previously codified as section 1915(d). The former section 1915(d) allowed dismissal for "frivolous" actions, but it did not, as the current version does, specifically require dismissal based on "fail[ure] to state a claim on which relief may be granted." Since Plaintiff apparently wants to have this court require others to assist him in furthering his business, this court is left with the firm conclusion that Plaintiff has failed to state a claim. Faced with this circumstance, the court should not impose on the taxpayers to fund Plaintiff's baseless litigation by allowing him to avoid paying filing and service fees, which will after all have the effect of requiring employees of at least two public institutions to bear the financial burden of incurring attorney fee expenses to respond to Plaintiff's baseless allegations.[1]

---

[1] Incidentally, this court notes that there is also extant authority to dismiss on frivolity grounds the complaint of a fee-paying plaintiff. *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 n.2 (2nd Cir. 2000) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991); *Tyler v. Carter*, 151 F.R.D. 537 (S.D.N.Y. 1993); *Gilbert v. Bach*, 697 F. Supp. 202, 204 (D. Md. 1988), *aff'd*, No. 88-

This court, therefore, having given Plaintiff the opportunity to particularize his complaint, and that particularized complaint being baseless, IT IS RECOMMENDED that this action be DISMISSED WITHOUT PREJUDICE.

_____
Wallace W. Dixon
United States Magistrate Judge

Durham, NC

January 6, 2006

---

2210, 1989 WL 117938 (4th Cir. Aug. 17, 1989) (unpublished).